# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| AGHA GUL | CIVIL ACTION NO. 04-1237 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BICE/DHS, ATLANTA DISTRICT AND JOHN ASHCROFT, ATTORNEY GENERAL | MAG. JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Petitioner Agha N. Gul, an immigration detainee, filed a habeas petition in this Court on June 18, 2004. In that petition, he challenged his continued detention, alleged that he had received inadequate medical care while in custody, and alleged that he should not be deported because he is a United States citizen. In Judgments entered on August 18, 2004, and March 3, 2005, the Court dismissed Petitioner's medical care claim without prejudice for improper venue, determined that it lacked jurisdiction over the citizenship claim, and denied the continued detention claim.

On March 16, 2005, Petitioner timely appealed to the United States Court of Appeals for the Fifth Circuit.

On January 19, 2006, the Fifth Circuit issued an Opinion in *Gul v. Rozos*, 05-30327, affirming the Court's dismissal of Petitioner's medical care claim. Although Petitioner should have filed a petition for review of his citizenship claim in the Eleventh Circuit Court of Appeals, the Fifth Circuit declined to dismiss his claim for improper venue and conducted a review. The Fifth Circuit concluded that Petitioner had failed to show that he is a United States citizen and denied his petition for review.

In its January 19, 2006 Opinion, the Fifth Circuit also addressed Petitioner's claim that his

prolonged detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Fifth Circuit agreed that at the time of the Court's dismissal of the detention claim, the Government had produced evidence that "Gul hampered his own removal in August 2004 by claiming that he had pending litigation in the Supreme Court and that he knew the whereabouts of Osama Bin Laden." However, the Fifth Circuit noted that "Gul is still in detention over one year after this interference" and remanded to this Court for further proceedings "to determine whether 'there is no significant likelihood of removal in the reasonably foreseeable future.'"

The Fifth Circuit denied Petitioner's motion to stay deportation pending appeal, to file a supplemental brief, to expedite the appeal, and for bail pending appeal.

On January 26, 2006, Petitioner filed a motion styled "Under the 5th and 14th Amendments Due Process Rights of Legal Permanent Residents (LPR) Respectfully Requesting an Urgent Stay of Removal" [Doc. No. 39].

The Fifth Circuit issued a mandate in this matter January 27, 2006. Accordingly,

IT IS ORDERED that Petitioner's motion is DENIED. As noted in the Fifth Circuit's January 19, 2006 Opinion, the Real ID Act of 2005 ("RIDA"), P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal, and the Court cannot stay Petitioner's removal. Moreover, Petitioner has already received a review of his final order of removal by the Fifth Circuit, and the Fifth Circuit declined to issue a stay.

Based on the Fifth Circuit's mandate, Petitioner's detention claim is again pending before this Court. It appears from the record in the Fifth Circuit that Petitioner is expected to be deported pending the outcome of an interview on January 30, 2006.

IT IS ORDERED that Respondents file appropriate evidence in the record of the status of Petitioner's deportation no later than **Friday, February 10, 2006.**

MONROE, LOUISIANA, this 27th day of January, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE