RECEIVED
IN MONROE, LA
APR 0 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AGHA GUL | CIVIL ACTION NO. 04-1237 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BICE/DHS, ATLANTA DISTRICT AND JOHN ASHCROFT, ATTORNEY GENERAL | MAG. JUDGE JAMES D. KIRK |

## RULING

Petitioner Agha N. Gul, an immigration detainee, filed a habeas petition in this Court on June 18, 2004. In that petition, he challenged his continued detention, alleged that he had received inadequate medical care while in custody, and alleged that he should not be deported because he is a United States citizen. In Judgments entered on August 18, 2004, and March 3, 2005, the Court dismissed Petitioner's medical care claim without prejudice for improper venue, determined that it lacked jurisdiction over the citizenship claim, and denied the continued detention claim.

On March 16, 2005, Petitioner timely appealed to the United States Court of Appeals for the Fifth Circuit.

On January 19, 2006, the Fifth Circuit issued an Opinion in *Gul v. Rozos*, 05-30327, affirming the Court's dismissal of Petitioner's medical care claim. Although Petitioner should have filed a petition for review of his citizenship claim in the Eleventh Circuit Court of Appeals, the Fifth Circuit declined to dismiss his claim for improper venue and conducted a review. The Fifth Circuit concluded that Petitioner had failed to show that he is a United States citizen and denied his petition for review.

In its January 19, 2006 Opinion, the Fifth Circuit also addressed Petitioner's claim that his prolonged detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Fifth Circuit agreed that at the time of the Court's dismissal of the detention claim, the Government had produced evidence that "Gul hampered his own removal in August 2004 by claiming that he had pending litigation in the Supreme Court and that he knew the whereabouts of Osama Bin Laden." However, the Fifth Circuit noted that "Gul is still in detention over one year after this interference" and remanded to this Court for further proceedings "to determine whether 'there is no significant likelihood of removal in the reasonably foreseeable future.'"

The Fifth Circuit denied Petitioner's motion to stay deportation pending appeal, to file a supplemental brief, to expedite the appeal, and for bail pending appeal.

On January 26, 2006, Petitioner filed a motion styled "Under the 5[th] and 14th Amendments Due Process Rights of Legal Permanent Residents (LPR) Respectfully Requesting an Urgent Stay of Removal" [Doc. No. 39].

The Fifth Circuit issued a mandate in this matter January 27, 2006.

On that same day, this Court denied Petitioner's January 26, 2006 motion. In its January 27, 2006 Order [Doc. No. 40], this Court explained that it does not have jurisdiction to stay Petitioner's removal under the Real ID Act of 2005 ("RIDA"), P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005. The Court further explained that Petitioner has already received a review of his final order of removal by the Fifth Circuit, and the Fifth Circuit declined to issue a stay.

However, the Court retains jurisdiction to consider Petitioner's claim of prolonged detention pending removal. Respondents indicated in a filing with the Fifth Circuit that

2

Petitioner would be deported pending the outcome of an interview on January 30, 2006. Therefore, the Court ordered Respondents to provide a status report by February 10, 2006. Respondents complied with this order and filed a "Supplemental Response to Petition for Writ of Habeas Corpus." [Doc. No. 44]. In that document, Respondents stated that Petitioner was transported to Houston, Texas, in February 2006, so that he could be placed on a charter flight and removed to Pakistan. However, on the day he was scheduled to depart, February 6, 2006, Gul allegedly convinced the Pakistani Consulate not to issue a travel document for his departure.[1] Respondents have referred this matter to the United States Attorney's Office for possible criminal prosecution under 8 U.S.C. § 1253 on the basis of Gul's alleged willful hampering of his deportation. Respondents indicated that they intended to supplement the record with a declaration executed by a knowledgeable official regarding Gul's failure to depart on February 6, 2006, and with any other information on the criminal investigation into Gul's conduct.

On February 16, 2006, Gul filed a document entitled, "To Set the Record Straight" [Doc. No. 45], in which he contends that he has not hampered removal efforts.

On February 27, 2006, Gul filed another document "To Complete Record" [Doc. No. 46]. Gul contends that he cannot be deported because BICE has failed to obtain the proper travel documents from the Embassy of Pakistan in Washingon, D.C., and that the Pakistani Consulate in Houston cannot provide these documents. Although Gul gave BICE an address in Pakistan,

---

[1] In support of their contention that Gul has hampered removal efforts throughout the process, Respondents presented a transcript of a July 25, 2005 telephone conversation between Gul and the Pakistani Consular General, Mr. Beluch, in Houston, Texas. Deportation Officer Ramey Billeyh was also a party to the call, which was recorded. A translation of the recording was prepared, and, according to the translation, Gul asked Mr. Beluch to "do absolutely nothing" because the Federal Judge is in his favor, and he will be released.

BICE has requested another address. According to Gul, he cannot supply a second address because his father, brother, and sister have died since he left the country, and he does not know where his other relatives live.

On March 10, 2006, Gul filed a letter to the Court stating the Houston Pakistani official could not do anything to effect his removal because the Pakistani Embassy in Washington, D.C., would have to issue his travel documents.

On March 20, 2006, Gul filed a document entitled "Final Facts Examining the Wrongful Allegations by BICE on their Response of 2-10-06" [Doc. No. 48] in which he disputes Respondents' assertions.

On April 3, 2006, Respondents filed a "Response to Court Order" [Doc. No. 49] supplementing their February 10, 2006 memorandum with the affidavit of Kevin McDonald ("McDonald"), supervisory detention and deportation officer for BICE, and a copy of an application for naturalization executed by Gul on March 24, 2003. The application demonstrates that Gul returned to Pakistan in 1989 for a period of eleven months and then returned to the United States in 1990. Therefore, Gul has been in Pakistan as recently as 1990.

McDonald testifies that on January 31, 2006, Gul was interviewed by telephone by Muhammed Abbasi ("Abbasi"), Consular Attache' of the Embassy of Pakistan. At the time, Gul was detained at the Tensas Parish Detention Center, and McDonald was present with Gul during the interview. According to McDonald, Gul failed to provide Abbasi with verifiable and detailed information about his life and background in Pakistan, despite Abbasi's numerous attempts to elicit this information. After Gul was brought to Houston on February 6, 2006, Abbasi again interviewed him, this time in person, and McDonald was again present for the interview. Gul

4

gave "vague and evasive answers," and the interview was terminated.

McDonald further testifies that because Gul was an adult when he left Pakistan in 1976[2], it is "quite extraordinary" that he cannot provide verifiable information to Abbasi, so that a travel document will be issued. BICE will remove Gul to Pakistan when he has provided the Embassy or the Consulate "with verifiable contact information in Pakistan."

Under these circumstances, the Court finds that Respondents have presented sufficient evidence that Gul has continued to hamper his own removal by failing to provide adequate information to the Pakistani Embassy and/or Consulate, so that travel documents can be issued. There is a significant likelihood of removal in the reasonably foreseeable future if Gul will cooperate with BICE officials and provide the appropriate information. Accordingly, the Court finds that Gul's request for release from detention is not appropriate, and his Petition for Writ of Habeas Corpus is again DENIED.

MONROE, LOUISIANA, this \_\_\_5\_\_\_ day of \_\_\_April\_\_\_, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Gul was born in 1956 and would have been approximately 20 years of age at the time he came to the United States.